2002 OK JUD ETH 3.

**JUDICIAL ETHICS OPINION 2002–3.**

Oklahoma Judicial Ethics Advisory Panel.

Filed Jan. 17, 2002.
Modified Feb. 27, 2002.

¶ 0 QUESTION 1: May a judge publicly endorse a candidate for office in the Oklahoma Bar Association?

¶ 1 QUESTION 2: May a judge contribute to the campaign fund for such candidate?

¶ 2 WE ANSWER: NO to both questions.

¶ 3 Canon 2: **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judges Activities.**

A. A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

B. . . . A judge should not lend the prestige of judicial office to advance the private interests of the judge or others; nor should a judge convey or permit others to convey the impression that they are in a special position to influence the judge . . ."

¶ 4 Canon 4: **"A Judge Should So Conduct the Judge's Extra–Judicial Activities as to Minimize the Risk of Conflict With Judicial Obligations.**

A. Extra–Judicial Activities in General. A judge should conduct all of the judge's extra-judicial activities so that they do not: (1) cast reasonable doubt on the judge's capacity to act impartially as a judge; . . ."

¶ 5 Canon 5: **"A Judge or Judicial Candidate Should Refrain From Inappropriate Political Activity All Judges and Candidates.**

1.  Except as authorized herein a judge or a candidate for election or appointment to judicial office should not: . . .

    b.  publicly endorse or publicly oppose another candidate for public office; . . .

    d.  solicit funds for, or pay an assessment to or make a contribution to a political organization or candidate . . ."

¶ 6 A judge who publicly endorses or becomes publicly involved in an election contest on behalf of a candidate for an office in the Oklahoma Bar Association would convey the message that the judge considered that lawyer to possess superior qualities to others in the race. The perception would inevitably arise as to the judge's ability to deal impartially with that lawyer as opposed to the others in judicial matters and lend itself to the perception that the lawyer might have undue influence with the judge and thus be in violation of Canon 2A and B.

¶ 7 In addition, it is our opinion that such an endorsement would lend the prestige of judicial office to advance the private interest of others as prohibited by Canon 2B.

■ ¶ 8 We note that an office in the Oklahoma Bar Association is not a "public office" so as to invoke the prohibition of Canon 5A(b).

¶ 9 The distinction we make in answering this question and our opinion permitting a judge to make a recommendation to the Judicial Nominating Commission or to the appointing authority (governor) as to an applicant seeking appointment to the judicial position under certain guidelines, is that in this case, the endorsement is public whereas the latter is a private recommendation which would not lend itself to a public perception as to impartiality or influence.

¶ 10 In response to Question 2 as to a judge contributing to the campaign fund of a candidate for office in the Oklahoma Bar Association, we again answer no. As noted above, such an office is not a "public office" in the sense of the meaning in Canon 5 and therefore, such contribution is not per se barred by said Canon, nor is a candidate for the office required to publicly report contributions or otherwise make the same public. We believe that it is highly unlikely that such contribution could or would be kept strictly confidential between the donor and donee; therefore the provisions of Canons 2 and 4 would prohibit such contribution for the same reasons as stated above in response to Question 1.

¶ 11 Robert L. Bailey, Chairman

¶ 12 Robert D. Simms, Vice Chairman

¶ 13 Milton C. Craig, Secretary